## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INTERTOUCH TOPCO LLC, | Case No. 18-12773 (BLS) |
| Debtor. | |

## EMERGENCY MOTION FOR ENTRY OF AN ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY
## PURSUANT TO SECTIONS 362(d) AND (f) OF THE BANKRUPTCY CODE

Gate Worldwide Holdings LLC ("GWH") moves on an expedited basis for entry of an order granting it relief from the automatic stay pursuant to sections 365(d) and (f) of the Title 11 of the United States Code (the "Bankruptcy Code") so that (i) the *Order Confirming Sale of interTouch Holdings, LLC* (the "Sale Order") may be entered in civil action pending (the "New York Action") in the Supreme Court of the State of New York, County of New York (the "New York Court"); and (ii) in accord with the Sale Order, the sole asset of the debtor, interTouch Topco, LLC ("Topco")—its 100% ownership interest in interTouch Holdings, LLC[1] ("interTouch" and, together with Topco, the "Debtors")—may be transferred to GWH.  This Motion is supported by the *Affidavit of Joseph L. Clasen in Support of GWH's Emergency Motions for (i) Entry of an Order Dismissing Debtors' Bankruptcy Cases Pursuant to Sections 1112(b) and/or 305(a) of the Bankruptcy Code and (II) Entry of an Order Granting Relief from the Automatic Stay Pursuant to Section 365(d) of the Bankruptcy* Code (the "Clausen Affidavit"), filed contemporaneously herewith.  In further support of the Motion, GWH respectfully states as follows:

---

[1] On December 10, 2018, interTouch Holdings, LLC also sought protection under chapter 11 of the Bankruptcy Code in this Court in a case captioned *In re interTouch Holdings LLC*, Case Number 18-12772 (the "interTouch Bankruptcy Case" and, together with the above-captioned case, the "Bankruptcy Cases").

## JURISDICTION

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b).  The Motion is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue of the Motion in this Court is proper pursuant to 28 U.S.C. § 1409.

3.     The statutory predicates for the relief requested herein are sections 105(a) and 362(d) and (f) of the Bankruptcy Code and related Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

4.     By this Motion, the GWH seeks entry of an order terminating the automatic stay in the case permitting (i) the New York Court's entry of the Sale Order in the New York Action; and (ii) the transfer of Topco's 100% membership interest in interTouch to GWH in accordance with the Sale Order.  GWH further requests that any order granting this Motion not be stayed under Bankruptcy Rule 4001(a)(3), but be effective and enforceable immediately upon entry.

## BACKGROUND FACTS[2]

**The Parties:**

5.     Topco and interTouch are two Delaware limited liability companies that were formed on or around September 29, 2015.  Both entities are affiliated entities of a non-debtor, ST Holdings, LLC ("ST Holdings"), a limited liability company owned and controlled by the Principal.  *See* New York Complaint (attached as <u>Exhibit 1</u> to the Clausen Affidavit), ¶¶ 2-5.

6.     ST Holdings owns 100% of the membership interest in Topco.  *See id.*

7.     In turn, Topco is a holding company that owns one asset: 100% of the membership interest in interTouch.  Topco has no independent business operations, has no

---

[2]     The factual assertions are supported by documentary evidence submitted as exhibits attached to the Clasen Affidavit.

employees—and gleaned from the identical list of creditors contained in the List of 20 Largest Unsecured Creditors filed in the Bankruptcy Cases—no real operating expenses or revenues, other than professional fees and intercompany debts.  *See id.*, ¶¶ 2-6; *see also* Bankruptcy Schedules filed by Topco and interTouch (Dkt. Entry No. 1).

8.      interTouch is also a holding company, which owns 100% of the interest in two operating entities, interTouch Pte. Ltd. based in Singapore and Nomadix Inc. based in California. *Id.*  According to the company's website, interTouch Pte. Ltd. and Nomadix Inc. provide wireless broadband connectivity services, multimedia services, interactive TV and networking monitoring to hotels around the world.  *See* www.intertouch.com/company.

9.      Similar to Topco, interTouch does not own any other assets, conducts no regular business operations, incurs no operating expenses, generates no operating revenue, and does not have any employees.  *See* New York Complaint (Clasen Aff., Ex. 1).

10.      GWH is a limited liability company organized under the laws of Delaware.  *See id.*

**The Note Purchase Agreement and Promissory Note:**

11.      On or about September 29, 2015, interTouch entered into a Note Purchase Agreement (the "NPA") with non-party NTT Docomo, Inc. ("Docomo").  The NPA governed the obligations owed by interTouch to Docomo.  *See id*, ¶ 9; Copy of the NPA is attached as Exhibit A to the Complaint.  (The NPA, all amendments and modifications thereto, all promissory notes, collateral agreements, guarantees and other note documents and obligations are collectively referred to as the "Note Documents.")

12.      On or about September 29, 2015 and pursuant to the NPA, interTouch duly executed, acknowledged, and delivered to Docomo a Note in the original principal amount of

Fifty- Five Million Dollars ($55,000,000), by which interTouch agreed to repay pursuant to the terms of the Note and NPA.  *See* New York Complaint (Clasen Aff., Ex. 1), ¶ 10; Copy of the Note is attached as Exhibit B to the Complaint.

13.     Under the terms and provisions of the NPA and Note, interTouch was required to pay all of the outstanding principal of the Note on the Maturity Date of March 31, 2017.  The failure to pay any part of the principal of the Note when due constituted an "Event of Default." *See* New York Complaint (Clasen Aff., Ex. 1), ¶¶ 12, 15; Copy of the Note is attached as Exhibit B to the Complaint.

14.     As security for payment under the Note, Topco and other related entities executed various guaranties and pledges.  These guaranties and pledges were part of the consideration to Docomo and secured the obligations under the Note.  *See* New York Complaint (Clasen Aff., Ex. 1), ¶¶ 28-37 10; Copies of the Topco Guaranty and UCC-1 Financing Statement are attached as Exhibits G & H to the New York Complaint.

15.     Specifically, Topco executed a guaranty, which provided that in the event that interTouch failed or was unable to pay or perform its obligations under the Note, Docomo or its assigns may proceed directly against Topco to obtain performance and to collect and recover the full amount, or any portion, of the obligations that are due and payable (the "Topco Guaranty"). *See id.*, ¶¶ 35-36.

16.     The Topco Guaranty was secured by a Membership Interest Pledge, which provided that Docomo and its assigns had a first priority security interest in "the membership interest units of [interTouch] owned by [Topco], as such amount may be adjusted from time to time by [interTouch], pursuant to splits, together with all certificates, options, or rights of any nature whatsoever that may be issued or granted in such membership interest units by

4

[interTouch] to [Topco] while this Agreement is in effect."[3]  *See id.* & Exhibit G to New York Complaint.

17.    interTouch caused an Event of Default by failing to pay all outstanding principal of the Note by or on the Maturity Date of March 31, 2017.  *See* New York Complaint (Clasen Aff., Ex. 1), ¶¶ 51-58.

**Assignment of Note Documents**

18.    On or about August 30, 2017, Docomo assigned to GWH all rights, title, and interests in, to, and under the Note Documents.  *See* New York Complaint, ¶ 47.  Pursuant to the Purchase Agreement, Docomo agreed to assign, sell, convey, endorse and deliver to [GWH], its successors and assigns, to have and to hold forever, all of Docomo's rights, title and interests in, to and under the Note, the Note Purchase Agreement and all other Note Documents (including, without limitation, the right to act as Noteholder, Pledgee, Holder and Secured Party thereunder).  *See id.*, ¶¶ 48-50.

**The Forbearance Agreement**

19.    On October 6, 2017, GWH, on the one hand, and interTouch, Topco, ST Holdings, and Nomadix, Inc. (the "New York Court Defendants"), on the other, entered into a forbearance agreement (the "Forbearance Agreement").  *See* New York Complaint, ¶¶ 59-63; Copy of the Forbearance Agreement is attached as Exhibit L to the Complaint.

20.    Pursuant to the Forbearance Agreement, GWH agreed to forbear from enforcing its rights and remedies under the NPA and related documents until November 1, 2017, subject to

---

[3]    Other related business entities also pledged collateral to secure the Note.  Nomadix executed a Patent Security Agreement providing the holder of the Note with a security interest in Nomadix's patents.  ST Holdings executed a Membership Interest Pledge in the membership interest units of Topco.  *See* New York Complaint (Clasen Aff., Ex. 1), ¶¶  18, 38.

27527793.2 12/13/2018

certain representations, warranties, covenants, and acknowledgments by the New York Court

Defendants.  *See id.*

21.    Section 2(d) of the Forbearance Agreement provides:

> The Obligors [Defendants] confirm, acknowledge and agree that the current amounts owing under the Note Purchase Agreement and Other Note Documents is $48,050,000.00, plus interest, fees and all other amounts, and such amounts would be due under the Note Purchase Agreement and Other Note Documents absent the forbearance as provided in this Forbearance Agreement. ***Obligors [Defendants] agree that the foregoing amounts would be due and payable from Obligors [Defendants], are not contested by Obligors [Defendants], and that there would be no defenses, right of offset, credits or other claims or defenses with respect to such foregoing amounts.*** The Obligors further confirm that the Noteholder (including, for the avoidance of doubt, any predecessor thereof) has fully and timely performed all of its obligations and duties in compliance with the Note Purchase Agreement, the Other Note Documents and applicable law, and has acted reasonably, in good faith, and appropriately under the circumstances.

22.    Notwithstanding, to date, interTouch and Topco have failed to comply with their

obligations under the Note Documents, including payment of the amounts due and owing GWH.

*See* New York Complaint, ¶ 63.

## THE NEW YORK STATE COURT FORECLOSURE ACTION[4]

23.    On January 3, 2018, GWH commenced the New York Action against interTouch,

Topco, ST Holdings, and Nomadix, Inc.  The New York Action was filed in order for GWH to

enforce the terms of the Note and Forbearance Agreement.  *See* New York Complaint (Clasen

Aff., Ex. 1).

24.    Shortly after the New York State Action was commenced, GWH moved for

summary judgment on its various claims, including its breach of contract claim and its claim

---

[4]    GWH requests that this Court take judicial notice of the existence of pleadings, notices, and orders in the New York State Court Action, which the Court is permitted to do. *See O'Boyle* v. *Braverman*, 337 F. App'x 162, 164-65 (3d Cir. 2009) (affirming lower court's ability to take judicial notice of state court proceedings).  For ease of reference, the relevant pleadings, notices, and orders in the New York Action have been attached as exhibits to the Clausen Affidavit.

seeking to foreclose on Topco's Membership Pledge.  *See* Notice of Motion for Summary Judgment (attached as Exhibit 2 to the Clausen Affidavit).

25.     On June 26, 2018, the New York Court granted GWH's Motion for Summary Judgment and entered a judgment against the New York Court Defendants in the amount of **$49,658,725.62**, with interest accruing on that judgment debt at a rate of 9% (the "New York Court Judgment").  *See* 06/26/18 H. Tr. (attached as Exhibit 3 to the Clausen Affidavit) & Judgment Order (attached as Exhibit 4 to the Clausen Affidavit).

26.     In an effort to partially satisfy the New York Court Judgment, GWH and the New York Court Defendants stipulated to a public auction process for selling Topco's membership interest in interTouch.  *See* Stipulation and Order for the Public Sale of Subject Collateral (the "Sale Order") (attached as Exhibit 5 to the Clausen Affidavit).  The New York Court So Ordered the Sale Order and selected Traxi LLC as the broker to assist with the public sale.  *See id.*; *see also* Court Notice (attached as Exhibit 6 to the Clausen Affidavit).

27.     Pursuant to the Sale Order, GWH placed an opening credit bid of $10,000,000 for the membership interest units in interTouch.  *See* Stipulation (Exhibit 5 to the Clausen Affidavit).

28.     Traxi LLC engaged in a robust marketing of the public auction process, including working with interTouch's counsel on the Sale Teaser and Participation Requirements, publishing notices of sale in the Wall Street Journal, and sending solicitation emails to over One Thousand (1,000) potential bidders.  *See* Notice of Motion to Confirm the Sale of interTouch Holdings LLC (attached as Exhibit 7 to the Clausen Affidavit); Affidavit of Anthony Pacchia (Chief Executive Officer of Traxi, LLC) (attached as Exhibit 8 to the Clausen Affidavit).

29.     When the public sale concluded, no other parties had placed a bid.  *See* Clasen Aff., Ex. 7.

30.     On October 30, 2018, GWH filed a motion to confirm and approve the sale of interTouch to GWH for the credit bid amount of $10,000,000 (the "Motion to Confirm").  *See id.*

31.     The Defendants, including interTouch and Topco, filed an opposition to the Motion to Confirm, baselessly claiming that GWH failed to retain a qualified broker on commercially reasonable terms and failed to take commercially reasonable actions in conducting the sales process.  *See* Opposition to Motion to Confirm (attached hereto as Exhibit 9 to the Clausen Affidavit).

32.     On December 7, 2018, the New York Supreme Court held oral argument on the Motion to Confirm.  At oral argument, Defendants' counsel stated that they had until the end of that day to make payment on the Judgment and that Defendants "expect to have that payment by the end of the day."  *See* Transcript of December 7, 2018 Proceeding (attached as Exhibit 10 to the Clausen Affidavit).  At the conclusion of oral argument, the Court stated that if the Defendants did not make payment on the Judgment by the end of the day, the Court would rule on GWH's sale motion early in the week beginning on December 10th.  *Id.*

33.     Defendants did not make any payment on the Judgment.  Accordingly, on Saturday, December 8, 2018, GWH advised the Court that no payment was made and requested that the Court proceed with entering the order confirming the sale of interTouch.  *See* Correspondence with the New York Court, dated December 8, 2018 (attached as Exhibit 11 to the Clausen Affidavit).

34.     The Court's law clerk, Rose Magaldi, responded "Thank you. We will proceed as the judge indicated when you appeared [at the December 7, 2018 hearing]."  *See id.*

27527793.2 12/13/2018

35.     At approximately 4:30 a.m. on December 10, 2018, both interTouch and Topco filed Chapter 11 bankruptcy petitions.  *See* Notice of Bankruptcy (attached as <u>Exhibit 12</u> to the Clausen Affidavit).

36.     After the Debtors' filed the Bankruptcy Cases but before the Debtors' filed notice in the New York Action, the New York Court entered an order, granting GWH's Motion to Confirm and ordering that the membership interest units in interTouch be transferred to GWH (the "Order Confirming Sale").  *See* Order Confirming Sale (attached as <u>Exhibit 13</u> to the Clausen Affidavit).

## THE BANKRUPTCY CASES

37.     As noted, *supra*, at around 4:30 a.m. on December 10, 2018, and with full knowledge that the New York Court was going to enter the Order Confirming Sale, the Debtors filed the Bankruptcy Cases.

**A.**     ***The Topco Case***

38.     Topco listed assets of between $0 and $50,000 and liabilities between $0 and $50,000.  However, Topco's *List of Creditors Who Have the 20 Largest Unsecured Claims and are not Insiders* ("Topco Top 20 List") reflects claims of non-insider professionals exceeding $1.2 Million.  *See* Dkt. Entry No. 1 at p. 3.  More troubling is that its Bankruptcy Petition and Topco's Top 20 List, signed under penalties of perjury, omit any reference to GWH or the $50 Million Judgment GWH holds against Topco.  *Id.*

39.     The Principal executed the *Unanimous Written Consent of the Sole Member of interTouch Topco LLC*; however, as noted, *supra*, ST Holdings is the sole member of Topco, and not the Principal.  *See* Dkt. Entry No. 1 at pp. 5-6.

40.     Topco did not file any of the Schedules, Statements and other Documents as required by Bankruptcy Rule 1007,[5] nor did it request an extension to file such Schedules, Statements and Documents.

41.     Topco did not file *any* of the typical first day motions, or a declaration in support of such motions, that one would expect to see filed in the Court.

**B.      *The interTouch Case***

42.     interTouch  listed assets of between $0 and $50,000 and liabilities between $500 Million and $1 Billion.  interTouch's *List of Creditor Who Have the 20 Largest Unsecured Claims and are not Insiders* mirror's Topco's Top 20 List, which reflects claims of non-insider professionals in the amount of $1.2 Million.  *See* Dkt. Entry No. 1 at p. 9-10.

43.     The Principal executed the *Unanimous Written Consent of the Sole Member of Intertouch Holdings*, *LLC*; however, as noted, *supra*, Topco is the sole member of the interTouch, and not the Principal.  *See* Dkt. Entry No. 1 at pp. 5-6.

44.     interTouch did not file any of the Schedules, Statements and other Documents required by Bankruptcy Rule 1007,[6] nor did it request an extension to file such Schedules, Statements and Documents.

45.     interTouch did not file *any* of the typical first day motions, or a declaration in support of such motions, that one would expect to see filed in the Court.

## BASIS FOR RELIEF REQUESTED

46.     Section 362(d)(1) of the Bankruptcy Code provides that the bankruptcy court "shall" grant relief from the automatic stay on request of a party in interest (i) "for cause,

---

[5]     Bankruptcy Rule 1007 does permit the Debtors to file their Schedules, Statements and Other Documents within 14 days of the Petition Date.

[6]     Bankruptcy Rule 1007 does permit the Debtors to file  their Schedules, Statements and Other Documents within 14 days of the Petition Date.

including the lack of adequate protection of an interest in property of such party in interest," or (ii) "with respect to an act against property." 11 U.S.C. § 362(d)(1). If the movant makes a *prima facie* case for "cause" for relief, the burden of going forward shifts to the debtor pursuant to § 362(g) of the Bankruptcy Code. *Izzarelli v. Rexene Prods. Co.* (*In re Rexene Prods. Co.*), 141 B.R. 574, 576 (Bankr. D. Del. 1992). The burden of proof on the issue of whether a secured creditor's interest in property is adequately protected, however, belongs at all times to the debtor. *See* 11 U.S.C. § 362(g)(2); *Wilmington Sav. Fund Soc. v. 1025 Assocs., Inc.* (*In re 1025 Assocs., Inc.*), 106 B.R. 805, 810 (Bankr. D.Del. 1989).

47. In addition, under section 362(d)(2) of the Bankruptcy Code, the stay of an act against property must be lifted if (i) "the debtor does not have an equity in such property" and (ii) "such property is not necessary for an effective reorganization." 11 U.S.C. § 362(d)(2). The movant requesting relief from the stay under section 362(d)(2) of the Bankruptcy Code bears the burden of proof as to the debtor's equity in the property, at which point the burden shifts to the debtor to prove the feasibility of reorganization. *See* 11 U.S.C. § 362(g); *1025 Assocs.*, 106 B.R. at 810.

**I.      The Circumstances of the Debtor's Bankruptcy Filing Constitutes a Filing in Bad Faith that Is Cause for Stay Relief**

48. GWH has simultaneously filed in both of the Bankruptcy Cases its *Emergency Motion to Dismiss the Debtors' Chapter 11 Cases Pursuant to § 1112(b) and/or § 305 of the Bankruptcy Code* (the "Motion to Dismiss"). In the Motion to Dismiss, GWH argues for dismissal because, among other things, the Debtors acts in filing the Bankruptcy Cases was classic bad faith.

49. "Filing bankruptcy in bad faith is 'cause' for relief under [Bankruptcy] Code § 362(d)(1)." *Mother African Union Methodist Church v. Conference of AUFCMP Church* (*In*

*re Conference of African Union First Colored Methodist Protestant Church*), 184 B.R. 207, 218

(Bankr. D.. Del. 199.5); *see In re Lippolis*, 228 B.R. 106,112 (E.D. Pa. .1998) (stay relief granted

based upon debtor's bad faith filing); *In re Merchant*, 256 B.R. 572, 576-77 (Bankr. W.D. Pa.

2000) (finding bad faith filing can constitute "cause" for relief from the stay, noting it is an

"abuse of § 362 ... when a debtor has no intention of effectuating a realistic plan of

reorganization").

50.     The Debtors filed the Bankruptcy Cases hours before the entry of the Sale Order.

In turn, the only asset of Topco is its 100% membership interest in interTouch.  The Debtors

have no operating business, no employees, no trade creditors—Topco's *List of Creditors Who*

*Have the 20 Largest Unsecured Claims and Are Not Insiders* [Doc ID No. 1, p. 8 of 10] is replete

with amounts due and owing to "professionals" only—or bondholders.  The filing of the

Bankruptcy Cases automatically stayed entry and execution of the Sale Order and the transfer of

Topco's 100% ownership interest in interTouch to GWH, as secured creditor and judgment

creditor of the Debtors.  The  only consequences of the filing of the Debtors' Bankruptcy Cases

are the inequitable and harmful delay to GWH.

51.     GWH further incorporates by reference the Motion to Dismiss as if fully set forth

herein.  For all the reasons advanced in the Motion to Dismiss and herein, GWH respectfully

submits that there is cause to lift the stay under § 362(d)(1) of the Bankruptcy Code because of

Topco's bad faith filing of this Bankruptcy Case.

**II.     There is Also Cause to Lift the Stay Because the GWH Lacks Adequate Protection**

52.     In determining whether a secured creditor's interest in a debtor's assets is

adequately protected, courts engage in an analysis of the property's "equity cushion," which is

the value of the property after deducting the claim of the creditor seeking relief from the

automatic stay and all senior claims. *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 207 (3d Cir. 1995).

53.    For purposes of section 362(d)(1), adequate protection exists if there is an equity cushion and (i) such cushion is sufficient to absorb continued interest accrual, or (ii) the debtor is servicing the debt. *Assocs.*, 106 B.R. at 810. Conversely, where there is no equity cushion and the debtor is not providing adequate protection to the movant, the movant's interest is not adequately protected and grounds for relief from the stay exist. *See id.*

54.    In this case, a good faith estimate of the value of Topco's entire estate, including its disclosed interest in interTouch, does not exceed the amount of the GWH's judgment debt. Specifically, the current amount of GWH's Judgment is in excess of $50,000,000 and is accumulating interest at a rate of 9%. Topco disclosed total assets—including its interest in interTouch—with a value of between $0 and $50,000 under penalties of perjury. *See* Doc ID No. 1, p. 3/10. This clearly and unequivocally establishes that there is no equity value in Topco.

55.    Thus, because Topco has not provided or offered *any* form of adequate protection to GWH from the immediate deterioration or threat of the complete destruction of the value of Topco's interest in interTouch caused by the imposition of the automatic stay in this case, GWH is entitled to relief from the stay under section 362(d)(1). Further, GWH is also entitled to emergency relief under section 362(f) of the Bankruptcy Code.

## III.    Relief from the Automatic Stay is Appropriate under Section 362(d)(2) Because the Debtor Does Not Have Equity in the Collateral and the Collateral is Not Necessary for an Effective Reorganization

56.    As indicated above, based upon its own disclosures and the existence of the GWH $50 Million judgment debt, Topco lacks any equity in its interest in interTouch. Accordingly, relief from the stay is also, and alternatively, mandatory under § 362(d)(2) as Topco cannot establish that the collateral is "necessary to an effective reorganization." 11 U.S.C. § 362(d)(2)

& (g)(2).  This standard requires "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*."  *United Savings Ass'n v. Timbers of Inwood Forest Ass'n, Ltd.*  (*In re Timbers of Inwood Forest Ass 'n, Ltd.*), 484 U.S. 365, 375-76 (1988) (emphasis in original).  Put another way, there must be a "reasonable possibility of an effective reorganization within a reasonable time."  *Id.*

57.    Topco is a holding company with a single asset: Its 100% ownership interest in interTouch.   While Topco may nakedly argue that its ownership interest in interTouch is "necessary to an effective reorganization," it will not be able to provide *any evidence* that such reorganization is in prospect.

58.    Furthermore, as the Debtors have disclosed, the body of unsecured creditors of Topco are a miniscule fraction of GWH's $50 Million secured claim.  Assuming, *arguendo*, that the value of Topco's asset and liability disclosures are accurate, Topco possesses no impaired accepting class of creditors, insofar as GWH would control both the secured class and the unsecured class via its hypothetical deficiency claim.  *See* 11 U.S.C. § 1129(a)(10).  Given GWH's position,  no plan could possibly be confirmed over GWH's dissent.  And to be clear, since this bankruptcy filing is nothing more than an attempt to delay the entry of the Sale Order, GHW cannot foresee that the Debtors will make any proposal that GWH would consider acceptable.  Accordingly, there is no reasonable possibility of an effective reorganization.  *See In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 568 (3d Cir. 1994) (finding no effective reorganization was in prospect where creditor whose vote was necessary to carry a chapter 11 plan indicated it would oppose any proposed plan).

## IV.    Waiver of the Fourteen-Day Stay Under Bankruptcy Rule 4001(a)(3) Is Warranted

59.    Courts may waive the fourteen-day stay under Bankruptcy Rule 4001(a)(3) based upon the totality of the circumstances and as an equitable remedy.  *See In re Eclair Bakery Ltd*., 255 B.R. 121,143 n.42 (Bankr. S.D.N.Y. 2000) (stay under Rule 4001(a)(3) waived due to debtor's unclean hands); *In re Soltzfus*, No. 09-11904, 2009 Bankr. LEXIS 2634, *18-19 (Bankr. E.D. Pa., Mar. 30, 2009) (stay, under Bankruptcy Rule 4001(a)(3) waived due to debtor's improper filing of bankruptcy case).

60.    The Debtors' bad faith filing of the Bankruptcy Cases, where it clearly lacks any ability to effectively reorganize, combined with the imminent threat to the value of the GWH's collateral represented by further delay in the entry of the New York Sale Order warrants a waiver of the fourteen-day stay.  Moreover, given that GWH was less than 6 hours away from obtaining the Sale Order prior to the Debtors' 4:30 a.m. filing of the Bankruptcy Cases, GWH should not be forced to wait any longer.  Accordingly, GWH respectfully requests that the Court waive the fourteen-day stay period under Bankruptcy Rule 4001(a)(3).

### ADEQUATE PROTECTION DEMAND

61.    For the avoidance of doubt, this Motion is also intended to be a formal request for adequate protection pursuant to section 363(e) of the Bankruptcy Code.  Accordingly, to the extent the Court is inclined not to grant the relief requested herein, GWH respectfully requests that the Court condition any use, sale or lease of the GWH's collateral by the Debtors upon the provision of adequate protection to the GWH.

### NOTICE

62.    Notice of this Motion has been provided to (i) counsel for the United States Trustee for the District of Delaware, (ii) counsel for the Debtor, (iii) all parties who have filed appearances in the chapter 11 case; and (iv) the creditors listed in Topco's *List of Creditors Who*

*Have the 20 Largest Unsecured Claims and Are Not Insiders.* GWH submit that no other or further notice is necessary under the circumstances.

## CONCLUSION

63.     For the foregoing reasons, the GWH respectfully request entry of an order, substantially in the form annexed hereto, granting the GWH relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code permitting (i) the New York Court's entry of the Sale Order in the New York Action; and (ii) the transfer of Topco's 100% membership interest in interTouch to GWH in accordance with the Sale Order.  GWH further requests that any order granting this Motion not be stayed under Bankruptcy Rule 4001(a)(3), but be effective and enforceable immediately upon entry.

Dated:  December 13, 2018              SAUL EWING ARNSTEIN & LEHR LLP


                                       */s/ Lucian B. Murley*
                                       Lucian B. Murley (DE Bar No. 4892)
                                       1201 North Market Street, Suite 2300
                                       P.O. Box 1266
                                       Wilmington, DE  19899
                                       Telephone: (302) 421-6898
                                       Facsimile: (302) 421-5864
                                       luke.murley@saul.com

                                       -and

                                       Joseph L. Clasen
                                       Patrick M. Birney
                                       Ian T. Clarke-Fisher
                                       Andrew A. DePeau
                                       **ROBINSON & COLE LLP**
                                       666 Third Avenue
                                       New York, New York 10017
                                       Telephone:  (212) 451-2900
                                       jclasen@rc.com
                                       iclarke-fisher@rc.com

                                       *Counsel for Gate Worldwide Holdings LLC*