# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>interTouch Holdings LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-12772 (BLS) |
| In re:<br><br>interTouch Topco LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-12773 (BLS) |

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING
## JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

interTouch Holdings LLC and interTouch Topco LLC, the above-captioned debtors and debtors-in-possession (together, the "Debtors")[1] hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the Debtors' chapter 11 cases. In support of this Motion, the Debtors rely upon the *Declaration of Seale A. Moorer, Jr., in Support of the Debtors' Chapter 11 Petitions* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference, and respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381).  The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

**Jurisdiction**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

2. By this Motion, the Debtors seek entry of the Proposed Order authorizing joint administration of these chapter 11 cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for the jointly administered cases under the case number assigned to interTouch Topco LLC and that these cases be administered under the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| interTouch Topco LLC, *et al.*, | Case No. 18-12773 (BLS) |
| Debtors.[1] | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381). The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

3. The Debtors further request that an entry be made on the docket of interTouch Holdings LLC, substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of interTouch Topco LLC and its affiliated debtor. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of interTouch Tocpo LLC, Case No. 18-12773 (BLS) and such docket should be consulted for all matters affecting this chapter 11 case.

### Basis for Relief

4. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. § 101(2). Debtor interTouch Topco LLC, a Delaware limited liability company, owns 100% of the equity interests in Debtor interTouch Holdings LLC. Accordingly, the Bankruptcy Rules authorize the Court to grant the relief requested herein.

5. Bankruptcy Rule 1015(b) promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. Among other things, joint administration obviates the need for duplicative notices, motions, applications and orders, thereby saving considerable time and expense for the Debtors and their estates. Granting the requested relief will promote the fair and efficient administration of these chapter 11 cases.

6. Section 105 of the Bankruptcy Code also provides this Court with the power to order joint administration of these chapter 11 cases. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate

to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). 11. Additionally, Local Rule 1015-1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1 12.

7. As is set forth in the First Day Declaration, both Debtors are affiliates of each other. The Debtors anticipate that most, if not all, of the notices, applications, motions, other pleadings, hearings and orders in these chapter 11 cases will affect both Debtors. The failure to jointly administer these cases would result in duplicative pleadings being served upon separate, but identical, service lists. Such duplication of substantially identical documents would be wasteful. Joint administration will ease the administrative burden on the Court and all parties-in-interest, and will reduce fees and costs by avoiding the filing of duplicative documents and notices in the Debtors' separate cases.

8. Joint administration permits the usage of a single general docket for the Debtors' cases and combined notices to creditors of each Debtor's estate and other parties-in interest. Doing so also protects creditors' rights by ensuring that parties-in-interest in each chapter 11 case will be apprised of the various matters before the Court in each of the other related cases.

9. Finally, joint administration of these chapter 11 cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. Thus, individual creditors' rights will not be harmed by the relief requested; rather, constituents will benefit from the cost reductions joint administration will achieve. In addition, joint administration enables stakeholders to more readily

apprise the various parties-in-interest of the matters before the Court. It also relieves the Court of the burden of entering duplicative orders and maintaining duplicative files and will simplify the supervision and administrative duties of the United States Trustee for the District of Delaware (the "United States Trustee") relating to these chapter 11 cases. Accordingly, as is set forth in the First Day Declaration, the Debtors respectfully submit that joint administration, for procedural purposes only, is in the best interest of the Debtors, their creditors and other parties-in-interest.

## Notice

10.    Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel in accordance with Local Rule 9013-1(m)(iii) to (i) the Office of the United States Trustee; (ii) Gate Worldwide Holdings LLC, the Debtors' only secured creditor; and (ii) the Debtors' unsecured creditors. Any order entered hereon will be served in accordance with Local Rule 9013-1(m)(iii). The Debtors submit that, in light of the nature of the relief requested and Local Rule 1015-1, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (i) enter the Proposed Order and (ii) grant such other and further relief as is just and proper.

Dated: December 13, 2018
       Wilmington, Delaware         KLEIN LLC

                                              */s/ Julia B. Klein*
                                              Julia B. Klein (Bar No. 5198)
                                              919 North Market Street
                                              Suite 600
                                              Wilmington, Delaware 19801
                                              Phone: (302) 438-0456
                                              Fax: (302) 300-1733

                                              *Proposed Counsel for interTouch Holdings LLC and interTouch Topco LLC*