# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> INTERTOUCH HOLDINGS LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-12772 (BLS) |
| In re: <br><br> INTERTOUCH TOPCO LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-12773 (BLS) |

**MOTION REQUESTING AN ORDER SHORTENING NOTICE PERIODS FOR AND SCHEDULING EXPEDITED HEARING ON GATE WORLDWIDE HOLDINGS LLC'S (I) EMERGENCY MOTION TO DISMISS THE DEBTORS' CHAPTER 11 CASES PURSUANT TO § 1112(b) OF THE BANKRUPTCY CODE AND/OR TO ABSTAIN PURSUANT TO § 305(a) OF THE BANKRUPTCY CODE AND (II) EMERGENCY MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTIONS 362(d) AND (f) OF THE BANKRUPTCY CODE**

Gate Worldwide Holdings LLC ("GWH") having filed its (i) Emergency Motion to Dismiss the Debtors' Chapter 11 Cases Pursuant to § 1112(b) of the Bankruptcy Code and/or to Abstain Pursuant to § 305 of the Bankruptcy Code (the "Motion to Dismiss"); and (ii) Emergency Motion for Entry of an Order Granting Relief from the Automatic State Pursuant to Section 362(d) and (f) of the Bankruptcy Code (the "Motion for Stay Relief" and together with the Motion to Dismiss, the "Motions") hereby moves this Court (the "Motion to Shorten"), pursuant to sections 105(a) and 362(f) of the Bankruptcy Code, Rules 2002-1(a)(ii) and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an entry of an order shortening the notice periods for the Motions and scheduling a hearing on the Motions so that the Motions may be

heard by the Court on **December 19, 2018**, or the earliest date after December 19, 2018 available on the Court's calendar, at whatever time the Court may have availability (the "Emergency Hearing") and requiring that objections to the relief requested in the Motions be filed and served on counsel to GWH on or before the date that is two business days prior to the Emergency Hearing by 4:00 p.m.  In support of this Motion to Shorten, GWH respectfully represents as follows:

1. Bankruptcy Rule 2002(a)(4) requires that a motion to dismiss a chapter 11 case be served by mail at least twenty-one (21) days prior to the hearing date on such motion.  *See* Fed. R. Bankr. P. 2002(a)(4).  Bankruptcy Rule 9006(c), however, provides that when an act is required to be done within a specified time by the Bankruptcy Rules, "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 2002(a)(4).  Additionally, Local Rule 9006-1(e) allows a party to request shortened notice for a hearing on any motion upon written request specifying the exigencies supporting the requested relief.  *See* Del. Bankr. L.R. 9006-1(e).

2. Local Rules generally require all motions to be heard during omnibus hearings, unless the Court directs otherwise.  *See* Del. Bankr. L.R. 2002-1(a)(i).  The Debtors have not sought omnibus hearing dates in their cases.  However, Local Rules allow motions to be heard at a special or emergency hearing, at the request of a party in interest.  *See* Del. Bankr. L.R. 2002-1(a)(i) ("In any chapter 11 case, the Court may, sua sponte or upon request of a party in interest, schedule a special or emergency hearing date in a case for a specific motion or other issues such as a discovery dispute.").

3. Exigencies exist which justify scheduling an emergency hearing and shortening notice regarding the Motion to Dismiss  the chapter 11 cases (the "Bankruptcy Cases") filed by

2

interTouch Topco, LLC ("Topco"), Case Number 18-12773 and interTouch Holdings, LLC, Case Number 18-12772 ("interTouch" and together with Topco, the "Debtors") and the Motion for Stay Relief.  The Motion to Dismiss is premised primarily (though not exclusively) on the Bankruptcy Cases being bad faith filings.  The Debtors' bad faith is demonstrated by *nearly every indicia* of bad faith that courts have identified: The Debtors have few creditors and fewer assets; the Debtors have no employees or ongoing operations; the Bankruptcy Cases were filed on the eve of the entry of an order by the Supreme Court of the State of New York, County of New York (the "New York Court") confirming the sale of Topco's 100% membership interest in interTouch; the Debtors have no significant cash or income; the Debtors can provide no evidence regarding their prospect of reorganizing; and there is no possibility of reorganization.

4.   In the Motion for Stay Relief, GWH seeks entry of an order granting it relief from the automatic stay pursuant to sections 365(d) and (f) of the Bankruptcy Code so that (i) the *Order Confirming Sale of interTouch Holdings, LLC* (the "Sale Order") may be entered in the New York Action; and (ii) in accord with the Sale Order, the sole asset of Topco—its 100% ownership interest in interTouch—may be transferred to GWH.  As a practical matter, consideration of the Motion for Stay Relief will require consideration of the issues raised in the Motion to Dismiss.

5.   Given the purpose and effect of the relief sought in the Motions, and the necessity of obtaining such immediate relief, ample cause exists to justify shortening the notice periods and objection deadlines for the Motions.  Furthermore, in order to mitigate any potential prejudice resulting from these shortened notice and objection periods, GWH will serve the Motions by either hand delivery or overnight mail on all parties requesting notice in these cases, and by electronic mail to the Debtors and United States Trustee.

6.  Accordingly, based on the foregoing, GWH respectfully requests that the Court (a) schedule the Emergency Hearing for **December 19, 2018**, or the earliest date after December 19, 2018 available on the Court's calendar, at whatever time the Court may have availability, and (b) shorten notice of the Motions so that they are heard at the Emergency Hearing, and (c) require objections to the relief requested in the Motions to be filed and served on counsel to GWH on or before the date that is two business days prior to the Emergency Hearing by 4:00 p.m.

Dated:  December 13, 2018               SAUL EWING ARNSTEIN & LEHR LLP

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6898
Facsimile: (302) 421-5864
luke.murley@saul.com

-and

Joseph L. Clasen
Patrick M. Birney
Ian T. Clarke-Fisher
Andrew A. DePeau
**ROBINSON & COLE LLP**
666 Third Avenue
New York, New York 10017
Telephone:  (212) 451-2900
jclasen@rc.com
iclarke-fisher@rc.com

*Counsel for Gate Worldwide Holdings LLC*

4