**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>interTouch Holdings LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 18-12772 (BLS) |
| In re:<br><br>interTouch Topco LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 18-12773 (BLS)<br><br>Joint Administration Requested |

**DEBTORS' OBJECTION TO GATE WORLDWIDE HOLDINGS LLC'S MOTION REQUESTING AN ORDER SHORTENING NOTICE PERIODS FOR AND SCHEDULING EXPEDITED HEARING ON GATE WORLDWIDE HOLDINGS LLC'S (I) EMERGENCY MOTION TO DISMISS THE DEBTORS' CHAPTER 11 CASES PURSUANT TO § 1112(b) OF THE BANKRUPTCY CODE AND/OR TO ABSTAIN PURSUANT TO § 305(a) OF THE BANKRUPTCY CODE AND (II) EMERGENCY MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTIONS 362(d) AND (f) OF THE BANKRUPTCY CODE**

        interTouch Holdings LLC and interTouch Topco LLC, the above-captioned debtors and debtors-in-possession (together, the "Debtors")[1] hereby oppose the motion (the "Motion to Shorten") by Gate Worldwide Holdings LLC ("Gate") to shorten notice periods with respect to and for expedited consideration of its (i) *Emergency Motion to Dismiss the Debtors' Chapter 11 Cases Pursuant to § 1112(b) of the Bankruptcy Code and/or to Abstain Pursuant to § 305 of the Bankruptcy Code* (the "Motion to Dismiss"); and (ii) Emergency Motion for Entry of an Order Granting Relief from the Automatic State Pursuant to Section 362(d) and (f) of the Bankruptcy

---

[1]     The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381).  The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

Code (the "<u>Motion for Stay Relief</u>" and, together with the Motion to Dismiss, the "<u>Motions</u>") and in support hereof respectfully state as follows:

**<u>Relevant Background</u>**

1. On December 10, 2018 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code and are working diligently and in good faith to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules. No trustee or examiner has been appointed in these chapter 11 cases.

2. On December 13, 2018, the Debtors filed the *Declaration by Seale A. Moorer, Jr., in Support of Chapter 11 Petitions* [D.I. 6] (the "<u>Moorer Declaration</u>") and requested that their bankruptcy estates be consolidated for procedural purposes. *See* D. I. 7 (*Motion for Joint Administration*). Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Moorer Declaration.

3. On December 13, 2018, Gate filed the following motions that, in aggregate, are comprised of 27 documents and over three hundred pages:

    (i)    <u>The Motion to Dismiss</u>

        This motion is premised chiefly on Gate's unsubstantiated and conclusory allegations that the Debtors' bankruptcy cases were filed in bad faith. As is set forth in the Moorer Declaration, the Debtors commenced these cases, in large part, on an emergency basis and to prevent their assets from dissipating and to permit time to close a pending capital raising transaction that will permit the Debtors both to pay Gate in full and to protect their other

creditors. Consequently, these cases were initiated without the benefit of sufficient time to prepare typical first day motions and applications. The Debtors only just engaged the services of a financial advisor on December 12, 2018, are still evaluating what type of "first-day" relief they will require, whether other of its affiliates also will need to seek relief under chapter 11 of the Bankruptcy Code, and whether it would be appropriate for the Debtors to seek relief that was not available to them in the New York Action against Gate in an adversary proceeding.

(ii) <u>The Motion for Stay Relief</u>

This motion is premised on Gate's legally unsubstantiated allegations, all but three days after the Debtors' orders for relief, that it is entitled to relief from the automatic stay so the court in the New York Action may enter an order in Gate's favor so that Gate may immediately foreclose on all of the Debtors' assets without the Debtors being permitted to even attempt to restructure and maximize the recovery for all of their creditors.

(iii) <u>The Motion to Shorten</u>

This motion is premised on Gate's unsubstantiated statement that "cause" exists for shortening the required notice periods established by the Bankruptcy Rules and this Court's Local Rules. As is set forth below, Gate has failed to offer any clue what exigent circumstances allegedly exist that would compel the relief sought and has failed to meet its burden for establishing any entitlement to relief.

3

**<u>Objection</u>**

4.   By the Motion to Shorten, Gate contends cause exists for requiring the Court, the Debtors and their advisors, and parties-in-interest to review, analyze, and respond to the Motions over the weekend and less than a week after the orders for relief were entered, because Gate is sure to prevail in the Motion to Dismiss and Motion for Stay Relief. The Court should reject Gate's argument. Surely the notice periods contained in the Bankruptcy Rules and Local Rules would be rendered meaningless if a party met its burden to establish "cause" simply by alleging confidence in the underlying relief requested. Under Local Rule 9006-1(e), the burden Gate must show is not "confidence" but "exigent circumstances" reduced to writing. Del. Bankr. L.R. 9006(e).

5.   The required notice provisions with respect to the Motions are as follows:

  (i)   Bankruptcy Rule 2002(a)(4), requiring a motion to dismiss a chapter 11 to be served by mail at least twenty-one days prior to the hearing date on such motion.

  (ii)  Local Rule 9006-1(c)(i), requiring that all motion papers be filed and served at least eighteen days prior to a proposed hearing, with an additional three days if service is by mail and nineteen days if service is by overnight delivery. Local Rule 9006-1(c)(ii) provides that objections, if any, to such a motion are to be received at least seven days prior to the proposed hearing date. Local Rule 9006-1(d) provides that reply papers must be filed no later than 4:00 p.m. the day before the hearing agenda is due.

  (iii) Local Rule 4001-1(c)(ii), granting a party opposing a stay relief motion until seven days before a hearing on such motion to formulate a response.

6. The foregoing notice provisions make sense, particularly in connection with motions to dismiss and for stay relief, both of which require the Court to engage in a highly fact intensive analysis. *See In re Metrogate, LLC*, No. 15-12593 (KJC), 2016 Bankr. LEXIS 2242, at *39 (Bankr. D. Del. May 26, 2016) ("The inquiry into bad faith is a fact intensive determination better left to the discretion of the bankruptcy court.") (internal quotation and citation omitted); *id*. at. **51-3 ("in weighing whether a filing is a bad faith litigation tactic …, behavior in the underlying causes of action is not relevant. The bankruptcy court must instead examine for what purpose its jurisdiction has been invoked."); *Buncher Co. v. Flabeg Solar US Corp.* (*In re Flabeg Solar US Corp*.), 499 B.R. 475, 482 (Bankr. W.D. Pa. 2013) (whether stay relief should be granted involves a "fact intensive analysis"). Gate does not win the Motions simply by avowing it "cannot anticipate the 'bankruptcy purposes' the Debtors may desperately advance to argue good faith," Motion to Dismiss ¶ 57, and complaining that "[t]he filing of the Bankruptcy Cases automatically stayed … the transfer of Topco's 100% ownership interest in interTouch [Holdings] to" Gate, which "consequences … are the inequitable and harmful delay to" Gate.[2] Motion for Stay Relief ¶ 50.

---

[2] In the Motion for Stay relief, Gate makes a demand for adequate protection. The Debtors are fully prepared to provide it adequate protection and have been working feverishly since the Petition Date to obtain financing to do so. Gate has historically left no stone unturned to thwart attempts by interTouch Holdings LLC and interTouch Topco LLC to refinance and restructure. Its litigation tactics in this Court again have negatively impact the Debtors' availability to obtain post-petition financing.

Gate's claim of "harmful delay" is, at best, crying wolf. What Gate fails to disclose to the Court is that the shares of the Debtors' two fully-owned subsidiaries – Nomadix and interTouch – presently are being held by an escrow agent pursuant to an agreement with Gate. In order for the Debtors to remove those shares from escrow, they would require both Gate's consent and this Court's permission. Additionally, also thanks to the New York Action, there also are significant restraints imposed on Nomadix's use of its own cash.

7. The Motion to Shorten, filed after the Court already had closed last night, asks this Court to axe the procedural safeguards and due process contained in the Bankruptcy and Bankruptcy local rules and to replace them with the following hasty timetable:

(i) Have the Debtors and parties-in-interest serve responses to each the Motion to Dismiss and Motion for Stay Relief four days (including a weekend) after the Motions were served; and

(ii) Conduct an evidentiary hearing on both the Motion to Dismiss and Motion for Stay Relief on December 19, 2018, or less than a week after the Motions were served.

8. The Court should deny the Motion to Shorten, because Gate fails to meet the standard for granting expedited consideration. That is contained in Local Rule 9006-1(e), which provides:

> Shortened Notice. ***No motion will be scheduled on less notice than required*** by these Local Rules or the Fed. R. Bankr. P. ***except by order of the Court, on written motion*** (served on all interested parties) ***specifying the exigencies justifying shortened notice***. The Court will rule on such motion promptly without need for a hearing.

Del. Bankr. L.R. 9006(e) (***emphasis*** added). Gate does not "specif[y] any exigencies justifying shortened notice." *Id*. Gate merely asserts it is entitled to expedited relief "[g]iven the purpose and effect of the relief sought in the Motions" and based on an indeterminate "necessity of obtaining such immediate relief." Motion to Shorten ¶ 5. Gate then concludes that both this purpose and necessity provide "ample cause" for granting expedited consideration. *Id*. They do not.

9. The Debtors' bankruptcy filings clearly infuriate and frustrate Gate,[3] but fury and frustration do not constitute "cause" either for granting either the Motion to Dismiss or the Motion for Stay Relief, and certainly not for shortcutting the procedural protections afforded by the Bankruptcy and Local Bankruptcy Rules. This Court has consistently held movants requesting a shortening of required notice periods and for expedited consideration to a higher standard and granted such relief primarily in the context of preserving assets of the bankrupt estates, not, as here, in the context of a secured party seeking to strip assets from the estates for its unilateral benefit and at substantial costs to all other stakeholders. *See, e.g., In re Aerogroup Int'l Inc.*, No. 17-11962 (KJC), 2018 Bankr. LEXIS 1930 (Bankr. D. Del. June 25, 2018) (granting motion to expedite where movant established that depositions and an evidentiary hearing were imminent and where Court's decision on "plain and undisputable" legal issue presented in motion would obviate both and protect the estate from "unnecessary and needless expenses) (citations are to motion to expedite at D.I. 922); I*n re Am. Safety Razor Co., LLC*, No. 10-12351 (MFW), 2010 Bankr. LEXIS 5994 (Bankr. D. Del. July 30, 2010) (granting expedited consideration where movants established urgent need to obtain financing to have adequate liquidity, to ensure orderly continuation of their operations). It should decline Gate's invitation to be held to a novel disgruntled secured creditor standard.

---

[3] Gate's fury and frustration regrettably lead it to resort to making a series of incorrect statements in the Motions. For example, that the Debtors' opposition to the sale process were "baseless[]" (Motion for Stay Relief ¶ 31; Motion to Dismiss ¶ 33) and that Traxi's work as a broker was "robust" (Motion for Stay Relief ¶ 28; Motion to Dismiss ¶ 30). The Debtors will address additional misstatements by Gate in connection with responding to the Motions themselves.

7

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (i) deny the Motion to Shorten and (ii) grant such other and further relief as is just and proper.

Dated: December 14, 2018
Wilmington, Delaware                              KLEIN LLC

*/s/ Julia B. Klein*
Julia B. Klein (Bar No. 5198)
919 North Market Street
Suite 600
Wilmington, Delaware 19801
Phone: (302) 438-0456
Fax: (302) 300-1733

*Proposed Counsel for interTouch Holdings LLC and interTouch Topco LLC*