**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| interTouch Holdings LLC,<br>                     Debtor. | Case No. 18-12772 (BLS) |
| In re: | Chapter 11 |
| interTouch Topco LLC, | Case No. 18-12773 (BLS) |
|                     Debtor. | Joint Administration Requested |

**MOTION BY DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363(c)(1),**
**AND 1108 OF THE BANKRUPTCY CODE (A) AUTHORIZING (I) CONTINUED**
**MAINTENANCE OF EXISTING BANK ACCOUNT; (II) CONTINUED USE OF**
**EXISTING BUSINESS FORMS; AND (III) THE OPENING AND CLOSING OF**
**BANK ACCOUNTS AND (B) WAIVING CERTAIN U.S. TRUSTEE GUIDELINES**

interTouch Holdings LLC ("Holdings") and interTouch Topco LLC ("Topco"), the above-captioned debtors and debtors-in-possession (together, the "Debtors"),[1] by and through their proposed undersigned counsel, hereby move (the "Motion") the Court for the entry of an order, pursuant to Sections 105(a), 363(c)(1), and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2015-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing (i) the continued maintenance of the Debtors' existing bank account, (ii) the continued use of existing business forms, and (ii) the opening and closure of bank accounts as deemed necessary and appropriate in the Debtors' business judgment and (b) waiving certain United States

---

[1]      The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381).  The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

trustee operating guidelines relating to bank accounts.  In support hereof, the Debtors respectfully represent as follows:

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are Sections 105(a), 363(c)(1), and 1108 of the Bankruptcy Code as well as Bankruptcy Rules 6003 and 6004 and Local Rule 2015-2.

## BACKGROUND

2.      On December 10, 2018 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

3.      A description of the Debtors' businesses, capital structure, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Seale A. Moorer, Jr., in Support of the Debtors' Chapter 11 Petitions* [D.I. 4; filed 12/13/18] (the "First Day Declaration").

4.      Prior to the Petition Date, the Debtors maintained, in the ordinary course of their business, one bank account at J.P. Morgan Chase Bank, N.A. ("Chase").  Details concerning this bank account are attached hereto as **Exhibit A**.

## RELIEF REQUESTED

5.      The Debtors request the following authorization: (a) to main Holding's existing bank account at Chase; (b) to continue to use their existing business forms; and (ii) to open and close of bank accounts as deemed necessary and appropriate in the Debtors' business judgment. The Debtors also seek a waiver of certain operating guidelines relating to bank accounts set forth in the U.S. Department of Justice, Office of the United States Trustee: Operating Guidelines for Chapter 11 Cases (the "UST Guidelines") adopted by the United States Trustee for the District of Delaware (the "UST").

## Basis for Relief

### A) The Debtor Should Be Granted Authority to Maintain Its Existing Chase Bank Account

6.      Bankruptcy Code section 105 (a) empowers this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and Bankruptcy Code section 363(c)(1) authorizes a debtor in possession to "use the property of the estate in the ordinary course of business without notice or hearing." 11 U.S.C. §§ 105(a) and 363(c)(1). The purpose of these sections is to provide a debtor-in-possession with the flexibility to engage in the ordinary transactions required to operate its business without undue oversight by creditors or the court. *See Med. Malpractice Ins. Ass'n v. Hirsch* (*In re Lavigne*),114 F.3d 379, 384 (2d Cir. 1997).

7.      The Office of the U.S. Trustee has established UST Guidelines for debtors in possession in order to supervise the administration of chapter 11 cases. These UST Guidelines require chapter 11 debtors to, among other thing, (a) close all existing bank accounts and open new debtor in possession bank accounts; (b) establish one debtor in possession account for all estate monies required for the payment of taxes including payroll  taxes; (c) maintain a separate debtor in possession account for cash collateral; and (d) obtain checks for all debtor in possession

accounts which bear the designation "Debtor In Possession." The last requirement is designed to draw a clear line of demarcation between prepetition and post-petition transactions and operations and prevent the inadvertent post-petition payment of prepetition claims. Pursuant to Bankruptcy Code sections 105(a) and 363, the Debtors seek a waiver of these requirements and authorization to continue using its existing Chase Bank Account as their debtor in possession account.

8.      Prior to the commencement of these chapter 11 cases, in the ordinary course of business, Debtor Holdings maintained its Chase Bank Account out of which it managed cash receipts and disbursements. The Debtors believe that the Chase is a financially stable banking institution with FDIC insurance. Upon information and belief, the Bank is party to a UDA with the U.S. Trustee. Accordingly, the Debtor believes the Chase Bank Accounts will be collateralized in a manner consistent with the requirements of section 345 of the Bankruptcy Code.

9.      The Debtors seeks a waiver of the UST's requirement that its prepetition Chase Bank Account be closed and new post-petition bank accounts be opened. Chase has informed the Debtors that its internal banking policies prohibit it from closing the Chase Bank Account and opening a new debtor in possession account in the Debtors' name.  These same banking policies require Chase to convert the existing Chase Bank Account into a debtor in possession account, upon which conversion the bank account automatically will be collateralized in a manner consistent with the requirements of section 345 of the Bankruptcy Code.

10.      It has been recognized that the strict enforcement of bank account closing requirements does not serve the rehabilitative purposes of chapter 11. In other cases, this Court has waived such requirements and replaced them with alternative procedures that provide the same protections.  The Debtors therefore request that the Chase Bank Account be deemed its debtor in possession account and that its maintenance and continued use, in the same manner and with the

same account numbers, styles and document forms as those employed during the prepetition period, be authorized.

11.     The Debtors also seek a waiver of the requirement to establish specific bank accounts for tax and payroll payments. Because the Debtors has no employees, the creation of new debtor in possession account designated solely for payroll and tax obligations would be unnecessary and inefficient.  The Debtors, however, ask this Court to order that they be permitted to open and close additional bank accounts as deemed necessary and appropriate in the Debtors' business judgment and to satisfy the UST Guidelines.

12.     The Debtors represent that if the relief requested in this Motion is granted, it will not pay, and the Bank will be directed not to pay, any debts incurred before the Petition Date, other than as authorized by this Court.

**B)  The Debtor Should Be Granted Authority to Continue to Use Existing Business Forms**

13.     In order to minimize expenses to its estate, the Debtors also seeks a waiver of the requirements and authorization to continue using all correspondence, business forms (such as ACH deposit or wire instructions) existing immediately prior to the Petition Date, without reference to the Debtors' status as debtors in possession.  The Debtors do not maintain any business checks; all incoming and outgoing transactions from the Chase Bank Account are in the form of ACH payments and/or bank wires.

14.     In accordance with Local Rule 2015-2(a), once the Debtors have exhausted their existing supply of business forms, they will reorder business forms with the designation "Debtor in Possession" and the corresponding bankruptcy number on all such forms.[2]

---

[2]     Local Rule 2015-2(a) provides:

> Where the debtor uses pre-printed checks, upon motion of the debtor, the Court may, without notice and hearing, permit the debtor to use its existing

**C) The Requirements of Bankruptcy Rule 6003(b) Are Satisfied**

15.    Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm. Granting the relief requested herein is integral to the Debtors' ability to transition its operations into this chapter 11 case because the Debtors are required to furnish proof of compliance with Bankruptcy Code section 345 and the UST Guidelines to the UST within 14 days from the Petition Date.  Further, requests of this nature routinely are approved by the Court before the expiration of the 12-day period after the petition date.

**D) Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

16.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Notice**

17.    Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel in accordance with Local Rule 9013-1(m)(iii) to (i) the Office of the United States Trustee; (ii) Gate Worldwide Holdings LLC, the Debtors' secured creditor; and (ii) parties entitled to receive notice pursuant to Bankruptcy Rule 2002. Any order entered hereon will be served in

---

checks without the designation "Debtor-in-Possession" and use its existing bank accounts. However, once the debtor's existing checks have been used, the debtor shall, when reordering checks, require the designation "Debtor-in-Possession" and the corresponding bankruptcy number on all such checks.

Courts in this district have allowed debtors to use their existing prepetition forms without the "Debtor-In-Possession" label. *See In re Trans World Airlines, Inc.*, Case No. 01-0056 (PJW) (order dated January 10, 2001); *In re Ameriserve Food Distribution, Inc.*, Case No. 00-358 (PJW) (order dated February 2, 2000); *In re Zenith Electronics Corp.*, Case No. 99-271 I (MFW) (order dated August 23, 1999).

accordance with Local Rule 9013-1(m)(iii). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**No Prior Request**

18.     No previous request for the relief sought herein has been made to this Court or any other court.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (i) enter the Proposed Order and (ii) grant such other and further relief as is just and proper.

Dated: December 17, 2018
      Wilmington, Delaware

KLEIN LLC

*/s/ Julia B. Klein*
Julia B. Klein (Bar No. 5198)
919 North Market Street
Suite 600
Wilmington, Delaware 19801
Phone: (302) 438-0456
Fax: (302) 300-1733

*Proposed Counsel for the Debtors
and Debtors in Possession*