**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> interTouch Holdings LLC, <br>         Debtor. | Chapter 11 <br><br> Case No. 18-12772 (BLS) <br><br> **Re: D.I.** \_\_\_\_\_ |
| In re: <br><br> interTouch Topco LLC, <br><br>         Debtor. | Chapter 11 <br><br> Case No. 18-12773 (BLS) <br><br> **Re: D.I.** \_\_\_\_\_ |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a), 363(c)(1), AND 1108 OF THE BANKRUPTCY CODE, (A) AUTHORIZING (I) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNT; (II) CONTINUED USE OF EXISTING BUSINESS FORMS; AND (III) THE OPENING AND CLOSING OF BANK ACCOUNTS AND (B) WAIVING CERTAIN UNITED STATES TRUSTEE GUIDELINES**

Upon the motion by interTouch Holdings LLC and interTouch Topco LLC, the above-captioned debtors and debtors-in-possession (together, the "Debtors"), pursuant to Sections 105(a), 363(c)(1), and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2015-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing (i) the continued maintenance of the Debtors' existing bank account, (ii) the continued use of existing business forms, and (ii) the opening and closure of bank accounts as deemed necessary and appropriate in the Debtors' business judgment and (b) waiving certain United States trustee operating guideline relating to bank accounts; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the

Debtors, their estates, creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

ORDERED that:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to designate, maintain and continue to use the existing bank account listed on **Exhibit A** hereto with the same account number, and treat such account for all purposes as an account of the Debtors in their capacity as debtors in possession.

3. The Debtors are authorized to continue to use its existing business forms without the designation "Debtor in Possession" or a debtor in possession case number imprinted upon them, provided, however, in the event that the Debtors needs to purchase new business forms during the pendency of these chapter 11 cases, such other business forms will include a legend referring to the Debtor as "Debtor in Possession" or "DIP."

4. After the Petition Date, and subject to the terms of this Order, Chase is authorized and directed to continue to administer the Chase Bank Account as such account was maintained prepetition, without interruption and in the usual and ordinary course, and to pay any wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Chase Bank Account, provided, however, that nothing contained herein shall authorize Chase to honor any check issued or dated prior to the date of the commencement of this case, except as otherwise provided by further order of this Court.

5. The Debtor is hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule

6003(b).

7. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. Within five (5) business days of entry of this Order, the Debtors shall (a) serve a copy of this Order on Chase and (b) request that Chase internally code the Chase Bank Account as a "debtor-in-possession" account.

10. The Debtors are authorized to implement reasonable changes to their existing cash management system as they may deem necessary or appropriate, including closing any of accounts or opening any new accounts, wherever the Debtors deem that such accounts are needed or appropriate. Any new account that the Debtors open shall be: (a) with a bank that is organized under the laws of the United States of America or any state therein and that is insured by the FDIC; (b) designated a "debtor-in-possession" or "DIP" account by the relevant bank; and (c) with an institution that has executed a Uniform Depository Agreement with the U.S. Trustee Delaware Office. The Debtors shall provide ten (10) days' prior notice to the U.S. Trustee and counsel to any official committee appointed in these cases before the Debtors open a new account or close any existing Account. Unless otherwise provided herein, the relief, rights, and responsibilities provided for in this Order shall be deemed to apply to any and all Accounts, including, without limitation, any new accounts.

11. The Debtors are prohibited from entering into any intercompany transactions with any non-debtor affiliates. The Debtors are also prohibited from providing any funds or transferring any assets to any non-Debtor affiliates.

12. Notwithstanding anything contained herein, despite the Debtors' use of a consolidated cash management system, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor makes those disbursements.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Interim Order.

Dated: December _____, 2018        _____
      Wilmington, Delaware                                    United States Bankruptcy Judge

# Exhibit A

| Name of Bank | Account Type | Last Four Digits of Account Number |
|---|---|---|
| J.P. Morgan Chase Bank, N.A. | Business Checking | 5029 |