**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERTOUCH HOLDINGS LLC, | Case No. 18-12772 (BLS) |
| Debtor. | **Re: D.I. 16** |
| In re: | Chapter 11 |
| INTERTOUCH TOPCO LLC, | Case No. 18-12773 (BLS) |
| Debtor. | **Re: D.I. 19** |

**GATE WORLDWIDE HOLDINGS LLC'S LIMITED OBJECTION TO MOTION BY DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363(c)(1), AND 1108 OF THE BANKRUPTCY CODE (A) AUTHORIZING (I) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNT; (II) CONTINUED USE OF EXISTING BUSINESS FORMS; AND (III) THE OPENING AND CLOSING OF BANK ACCOUNTS AND (B) WAIVING CERTAIN U.S. TRUSTEE GUIDELINES**

Gate Worldwide Holdings LLC ("GWH"), by and through its undersigned counsel, hereby objects (the "Objection") to the cash management motion [Case No. 18-12772 D.I. 16, Case No. 18-12773 D.I. 19] (the "Cash Management Motion")[1] filed by the Debtors. In support of this Objection, GWH respectfully submits as follows:

1. The Cash Management Motion seeks authority to maintain Holding's existing bank account at Chase and to continue use of existing business forms. GWH does not oppose entry of an interim order granting this relief.

2. However, GWH objects to the other relief requested through the Cash Management Motion:

- The Debtors' proposed interim order authorizes the Debtors to "implement reasonable changes to their existing cash management system as they may

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as those ascribed to them in the Cash Management Motion.

- deem necessary or appropriate, including closing any of [sic] accounts or opening any new accounts, wherever the Debtors deem that such accounts are needed or appropriate," providing notice only to the committee (if appointed) and the U.S. Trustee. <u>See</u> Proposed Interim Order ¶ 11.

- The proposed order explicitly prohibits the Debtors from "entering into any intercompany transactions with any non-debtor affiliates" or "providing any funds or transferring any assets to any non-Debtor affiliates." <u>See</u> Proposed Interim Order ¶ 12. However, by negative implication, the proposed order does not prohibit the Debtors from engaging in intercompany transactions with each other, or transferring funds or other assets among themselves.

- According to the Cash Management Motion, the Chase account is Holding's, not Topco's, and Topco has no bank account. However, the proposed order vaguely and confusingly refers to the "Debtors'" authority to use the account, and the account being treated as the "Debtors'" property. <u>See</u> Proposed Interim Order ¶ 3 ("[T]he Debtors are authorized to designate, maintain and continue to use the existing bank account . . . and treat such account for all purposes as an account of the Debtors . . . .").

3.  As detailed in GWH's *Emergency Motion for Entry of an Order Granting Relief from the Automatic Stay Pursuant to Sections 362(d) and (f) of the Bankruptcy Code*, GWH is party to an action in New York state court, where GWH sought, and the state court has ordered, Topco's membership interest units in Holdings to be transferred to GWH to satisfy a judgment. As such, the Debtors' corporate separateness and the issue of which Debtor owns what assets are of keen interest to GWH, and important to—at the very least—maintaining the status quo while the Debtors' cases are before this Court. GWH respectfully submits that such issues should not be prejudiced by any interim order on the Cash Management Motion.

4.  GWH informally objected to the Cash Management Motion, and proposed a revised interim order to the Debtors (the "<u>Revised Order</u>"). The Revised Order is attached hereto as **Exhibit A**. A marked version of the Revised Order, showing changes against the Debtors' proposed order, is attached hereto as **Exhibit B**. As of the time of filing this Objection, the Debtors have not agreed to the Revised Order.

5. GWH hereby objects to entry of the proposed interim order attached in the Cash Management Motion. Entry of the Revised Order will resolve this Objection.

WHEREFORE, for the reasons set forth above, GWH respectfully requests that the Court sustain this Objection, and condition interim approval of the Debtor's Cash Management Motion upon entry of the Revised Order.

Dated:  December 19, 2018              SAUL EWING ARNSTEIN & LEHR LLP

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6898
Facsimile: (302) 421-5864
luke.murley@saul.com

-and

Joseph L. Clasen
Patrick M. Birney
Ian T. Clarke-Fisher
Andrew A. DePeau
**ROBINSON & COLE LLP**
666 Third Avenue
New York, New York 10017
Telephone:  (212) 451-2900
jclasen@rc.com
iclarke-fisher@rc.com

*Counsel for Gate Worldwide Holdings LLC*

3