# EXHIBIT A

## Revised Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INTERTOUCH HOLDINGS LLC, | Case No. 18-12772 (BLS) |
| Debtor. | **Re:  D.I. ____** |
| In re: | Chapter 11 |
| INTERTOUCH TOPCO LLC, | Case No. 18-12773 (BLS) |
| Debtor. | **Re:  D.I. _____** |

### INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(c)(1), AND 1108 OF THE BANKRUPTCY CODE, (A) AUTHORIZING (I) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNT; (II) CONTINUED USE OF EXISTING BUSINESS FORMS; AND (III) THE OPENING AND CLOSING OF BANK ACCOUNTS AND (B) WAIVING CERTAIN UNITED STATES TRUSTEE GUIDELINES

Upon the motion by interTouch Holdings LLC ("Holdco") and interTouch Topco LLC ("Topco" and, together with Holdco, the "Debtors"), the above-captioned debtors and debtors-in-possession, pursuant to Sections 105(a), 363(c)(1), and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2015-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing (i) the continued maintenance of the Debtors' existing bank account, (ii) the continued use of existing business forms, and (ii) the opening and closure of bank accounts as deemed necessary and appropriate in the Debtors' business judgment and (b) waiving certain United States trustee operating guideline relating to bank accounts; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in

the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

ORDERED that:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion will be will be held on _____, at _____ _.m. (Eastern Standard Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (Eastern Standard Time) on _____, and served on the following parties: (i) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 1980l. (Attn: Jaclyn Weissgerber, Esq.); and (ii) Klein LLC, 919 Market Street, Suite 600, Wilmington, DE 19801 (Attn: Julia B. Klein, Esq.). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.      Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to designate, maintain and continue to use the existing bank account listed on Exhibit A hereto with the same account number, and treat such account for all purposes as an account of Holdco in its capacity as debtor in possession.

4.      Holdco is authorized to continue to use its existing business forms without the designation "Debtor in Possession" or a debtor in possession case number imprinted upon them, provided, however, in the event that Holdco needs to purchase new business forms during the pendency of these chapter 11 cases, such other business forms will include a legend referring to Holdco as "Debtor in Possession" or "DIP."

5.      After the Petition Date, and subject to the terms of this Order, Chase is authorized and directed to continue to administer the Chase Bank Account as such account was maintained

28130856.2 12/19/2018

prepetition, without interruption and in the usual and ordinary course, and to pay any wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Chase Bank Account, provided, however, that nothing contained herein shall authorize Chase to honor any check issued or dated prior to the date of the commencement of this case, except as otherwise provided by further order of this Court.

6.      Holdco is hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

7.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.      Within five (5) business days of entry of this Order, the Debtors shall (a) serve a copy of this Order on Chase and (b) request that Chase internally code the Chase Bank Account as a "debtor-in-possession" account.

11.      Subject to the limitations contained herein, the Debtors are authorized to implement reasonable changes to their existing cash management system as they may deem necessary or appropriate, including closing any of accounts or opening any new accounts, wherever the Debtors deem that such accounts are needed or appropriate.  Any new account that the Debtors open shall be: (a) with a bank that is organized under the laws of the United States of America or any state therein and that is insured by the FDIC; (b) designated a "debtor-in-possession" or "DIP" account by the relevant bank; and (c) with an institution that has executed a Uniform Depository Agreement with the U.S. Trustee Delaware Office.  The Debtors shall provide ten (10) days' prior notice to the U.S. Trustee, counsel to any official committee appointed in these cases, and counsel to Gate Worldwide Holdings LLC, before the Debtors open

3

a new account or close any existing Account.  Unless otherwise provided herein, the relief, rights, and responsibilities provided for in this Order shall be deemed to apply to any and all Accounts, including, without limitation, any new accounts.

12.    The Debtors are prohibited from entering into any intercompany transactions or from providing any funds or transferring any assets to any affiliates.

13.    The Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor makes those disbursements.

14.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Interim Order.

Dated _____, 2018
Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge

28130856.2 12/19/2018