# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>interTouch Holdings LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-12772 (BLS)<br><br>Re: D.I. 7 |
| In re:<br><br>interTouch Topco LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-12773 (BLS)<br><br>Re: D.I. 7 |

## ORDER AUTHORIZING JOINT
## ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon the Debtors' Motion for entry of an order (this "Order") pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, authorizing joint administration of the Debtors' cases for procedural purposes only; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 as well as the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to

consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, the above-captioned chapter 11 cases are consolidated for administrative purposes only and shall be jointly administered by this Court as Case No. 18-12773 (BLS).

3. The consolidated caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| interTouch Topco LLC, *et al.*, | Case No. 18-12773 (BLS) |
| Debtors.[1] | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381). The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

4. The foregoing caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

5. A docket entry shall be made on the docket maintained for the chapter 11 case of interTouch Holdings LLC, substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of

interTouch Topco LLC and its affiliated debtor. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of interTouch Tocpo LLC, Case No. 18-12773 (BLS) and such docket should be consulted for all matters affecting this chapter 11 case.

6. One consolidated docket, one file and one consolidated service list shall be maintained by interTouch Tocpo LLC and kept by the clerk of the Court.

7. The Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possessions and Trustees, issued by the United States Trustee, on a consolidating basis, which shall track and break out disbursements, income statements and balance sheets on a debtor-by-debtor basis.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of these chapter 11 cases.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The Debtors shall serve copies of the Motion and this Order in accordance with Local Rule 9013-1(m), thereby satisfying the requirements set forth in Local Rule 9013-1(m).

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: December 20, 2018
Wilmington, Delaware

United States Bankruptcy Judge