## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>interTouch Topco LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12773 (BLS)<br><br>Jointly Administered<br><br>**Obj. Deadline: Jan. 7, 2019, at 4:00 p.m. (ET)**<br>**Hearing Date: Jan. 15, 2019, at 11:00 a.m. (ET)** |

**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY KLEIN LLC AS ATTORNEYS FOR DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

interTouch Holdings LLC and interTouch Topco LLC, the above-captioned debtors and debtors-in-possession (together, the "Debtors"), respectfully represent as follows in support of this application (this "Application"):

**Relief Requested**

By this Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors request authority to retain and employ Klein LLC (the "Firm") as counsel for the Debtors *nunc pro tunc* to December 10, 2018 (the "Petition Date"). The Debtors request that the Court approve the retention of Klein LLC as their counsel to perform the legal services that will be required during these Chapter 11 Cases in accordance with the Firm's

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381). The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

normal hourly rates in effect when services are rendered and the Firm's normal reimbursement policies. A proposed form of order approving the retention and employment of Klein LLC is attached hereto as **Exhibit A** (the "Proposed Order").

In support of this Application, the Debtors submit the declaration of Julia B. Klein, the managing member of Klein LLC, which is attached hereto as **Exhibit B** (the "Klein Declaration"), and the declaration of Seale A. Moorer, Jr., the Chief Executive Officer of the Debtors, which is annexed hereto as **Exhibit C** (the "Moorer Declaration").

## Background

1. On December 10, 2018 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

2. A description of the Debtors' businesses, capital structure, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Seale A. Moorer, Jr., in Support of the Debtors' Chapter 11 Petitions* [D.I. 4; filed 12/13/18].

## Basis for Relief Requested

3. Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." Section 328(a) of the Bankruptcy Code provides that professionals employed pursuant to section 327(a) may be employed "on any reasonable terms

and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."

## **Proposed Retention of Klein LLC**

4. The Debtors have been informed that Julia B. Klein is a member in good standing of the Bar of the State of Delaware and the Commonwealth of Pennsylvania. She previously has acted as Delaware counsel to numerous statutory unsecured creditor committees in chapter 11 reorganization cases and regularly represents debtors in cases under chapter 7 of the Bankruptcy Code and receivers and various creditor constituencies in receivership proceedings in the Delaware Court of Chancery.  Klein LLC has extensive experience and knowledge in the field of debtor's and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, as well as experience and knowledge in practicing before this Court.  Moreover, the Firm's billing rates are competitive.  Accordingly, the Debtors believe that Klein LLC is both well qualified and uniquely able to represent the Debtors in their Chapter 11 Cases in an efficient and timely manner.

5. As set forth in the Klein Declaration, prior to the Petition Date, Klein LLC received a retainer totaling $10,000 from a third-party non-debtor entity called ST Holdings LLC for professional services to be performed and expenses to be incurred, including the required statutory chapter 11 filing fees and in preparation for the commencement of these Chapter 11 Cases. In accordance with a prepetition fee agreement with the Debtors, the retainer was exhausted upon the filing of the Debtors' bankruptcy petitions.

6. The Debtors understand and have agreed that Klein LLC hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court (the "<u>Orders</u>") for all professional services performed and expenses

incurred after the Petition Date. Subject to the foregoing, the Debtors propose to compensate Klein LLC for services rendered at the Firm's customary hourly rates that are in effect from time to time, as set forth in the Klein Declaration, and to reimburse the Firm according to its customary reimbursement policies. The Debtors respectfully submit that Klein LLC's rates and policies, as set forth in the Klein Declaration, are reasonable.

7. The professional services that the Firm will render to the Debtors include, but shall not be limited to, the following:

   a. prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

   b. take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

   c. appear in Court to represent and protect the interests of the Debtors and their estates;

   d. take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

   e. perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases.

8. Klein LLC has not agreed to share with any person or firm the compensation to be paid for services rendered in connection with this case.

9. The standard for a debtor-in-possession to employ an attorney as general bankruptcy counsel is set forth in Bankruptcy Code sections 327(a) and 1107. Those sections provide that a debtor-in-possession, with the Court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C.

§§ 327(a), L107; *see also In re B H & P, Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991) (citing *In re Star Broadcasting, Inc.*, 81 B.R. 835, 838 (Bankr. D.N.J. 1988) (for counsel to be retained, "counsel must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person.'").

10. A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason. *See* 11 U.S.C § 101(14)(C). In general, however, subject to the requirements of Bankruptcy Code sections 327(a) and 1107, a debtor-in-possession is entitled to the counsel of its choosing. *See, e.g.*, *Vouzianas v. Ready & Pontisakos* (*In re Vouzianas*), 259 F.3d 103, 108 (2d Cir. 2001) (stating that "[o]nly in the rarest of cases should the trustee be deprived of the privilege of selecting his own counsel").

11. To the best of the Debtors' knowledge, neither Klein LLC nor its member has any connection with or any interest adverse to the Debtors, their creditors, or any other party-in-interest and is a "disinterested person" within the meaning of Bankruptcy Code sections 327(a) and 101(14).

12. The Debtors believe that the employment of Klein LLC is necessary and in the best interests of the Debtors and their estates.

## Notice

13. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel in accordance with Local Rule 9013-1(m)(iii) to the Office of the United States Trustee and all parties entitled to receive service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

-6-

**Conclusion**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 24, 2018
       Wilmington, Delaware

_____
Seale A. Moorer, Jr.
Chief Executive Officer
interTouch Holdings LLC and interTouch Topco LLC