# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>interTouch Topco LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12773 (BLS)<br><br>Jointly Administered<br><br>**Obj. Deadline: Jan. 7, 2019, at 4:00 p.m. (ET)**<br>**Hearing Date: Jan. 15, 2019, at 11:00 a.m. (ET)** |

**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY MOMENTUM ADVISORS AS FINANCIAL ADVISORS FOR DEBTORS *NUNC PRO TUNC* TO DECEMBER 12, 2018**

interTouch Holdings LLC and interTouch Topco LLC, the above-captioned debtors and debtors-in-possession (together, the "Debtors"), respectfully represent as follows in support of this application (this "Application"):

## Relief Requested

By this Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors request the entry of an order for (i) authority to retain and employ Momentum Advisors (the "MA") as financial advisors for the Debtors *nunc pro tunc* to December 12, 2018 and (ii) approving the terms and conditions contained in that certain engagement letter among the Debtors and MA, dated December 12, 2018 (the "Engagement

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381). The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

Agreement") under which MA will be retained and compensated at the expense of the Debtors' estates. A copy of the Engagement Agreement is attached hereto as **Exhibit A**. A proposed form of order approving the retention and employment of MA is attached hereto as **Exhibit B** (the "Proposed Order").

In support of this Application, the Debtors submit the declaration of Stephen Judge, a partner at MA, which is attached hereto as **Exhibit C** (the "Judge Declaration").

### Background

1. On December 10, 2018 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

2. A description of the Debtors' businesses, capital structure, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Seale A. Moorer, Jr., in Support of the Debtors' Chapter 11 Petitions* [D.I. 4; filed 12/13/18].

### Basis for Relief Requested

3. Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more … professional persons … that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11. U.S.C. § 327(a).

4. Section 328(a) of the Bankruptcy Code provides that professionals employed pursuant to section 327(a) may be employed "on any reasonable terms and conditions of

employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11. U.S.C. § 328(a).

## Proposed Retention of MA

5. As set forth in the Judge Declaration, the compensation structure described in the Engagement Agreement is reasonable and MA believes it is comparable to those generally charged by financial advisory firms of similar stature to MA for comparable engagements, both in and out of court.

6. The hours worked, the results achieved and the ultimate benefit to the Debtors of the work performed by MA in connection with this engagement may vary and the Debtors and MA have taken this into account in setting the above fees and expenses. In order to induce MA to do business with the Debtors in bankruptcy, the fees were set against the difficulty of the assignment and the potential for failure.

7. In addition, given the various issues that MA may be required to address in performance of the services hereunder, MA's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for MA's services for engagements of this nature in an out-of-court context, the Debtors believe that the fee arrangements set forth in the Engagement Agreement are reasonable under the standards set forth in Bankruptcy Code section 328(a).

8. To the best of the Debtors' knowledge, information and belief, and based entirely and in reliance upon the Judge Declaration: (a) MA is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a),[2] and

---

[2] A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason. *See* 11 U.S.C § 101(14)(C).

holds no interest materially adverse to the Debtors, their creditors or shareholders for the matters for which MA is to be employed and (b) MA has no connection to the Debtors, their creditors, shareholders, or related parties herein except as disclosed in the Judge Declaration. Moreover, the retention and employment of MA is necessary and in the best interests of the Debtors, their estate, creditors, and equity interest holders.

9.      Furthermore, to the best of the Debtors' knowledge, information and belief, and based entirely and in reliance upon the Judge Declaration, none of MA's past or current engagements would or do appear to create an interest materially adverse to the interests of the Debtor, creditors or equity security holders in these Chapter 11 Cases. As such, the Debtors believe that MA is disinterested and holds no materially adverse interest as to the matters upon which it is to be retained. To the extent that MA discovers any facts bearing on the matters described herein during the period of MA's retention, it will supplement the information contained in the Judge Declaration.

10.     The Debtors believe that the employment of MA is necessary and in the best interests of the Debtors and their estates.

## Notice

11.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel in accordance with Local Rule 9013-1(m)(iii) to (i) the Office of the United States Trustee; and (ii) all parties entitled to receive service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 24, 2018
       Wilmington, Delaware

                                                      Seale A. Moorer, Jr.
                                                      Chief Executive Officer
                                                      interTouch Holdings LLC and interTouch Topco LLC