# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| interTouch Topco LLC, *et al.*,[1] | Case No. 18-12773 (BLS) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: Jan. 7, 2019, at 4:00 p.m. (ET)** <br> **Hearing Date: Jan. 15, 2019, at 11:00 a.m. (ET)** |

## MOTION BY DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

interTouch Holdings LLC and interTouch Topco LLC, the above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their proposed undersigned counsel, hereby move (the "Motion") the Court for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of expenses for professionals. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381). The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 105(a), and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

## BACKGROUND

2.  On December 10, 2018 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

3.  A description of the Debtors' businesses, capital structure, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Seale A. Moorer, Jr., in Support of the Debtors' Chapter 11 Petitions* [D.I. 4; filed 12/13/18].

## RETENTION OF PROFESSIONALS

4.  The Debtors filed applications seeking authorization to retain and employ the following professionals in these Chapter 11 Cases: (a) Klein LLC, as bankruptcy counsel and (b) Momentum Advisors, as financial advisors (together, the "Debtors' Professionals"). Additionally, statutory committees, including a statutory committee of unsecured creditors (each, a "Committee"), may be appointed in this Chapter 11 Cases and any such Committee will likely retain counsel and other professionals to assist it in fulfilling its obligations (together with the Debtors' Professionals, each a "Professional" and collectively, the "Professionals").

## RELIEF REQUESTED

5.  By this Motion, the Debtors seek entry of the attached Proposed Order establishing

an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for Professionals who are retained pursuant to Bankruptcy Code sections 327 or 1103 and are required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331.

## THE PROPOSED COMPENSATION PROCEDURES

6. The Debtors propose that the payment of compensation and reimbursement of expenses of the Professionals be governed by the following procedures (the "Compensation Procedures"):

> On or about the 5th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may (i) file a monthly fee application (the "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") with the Court and (ii) serve the Monthly Fee Application on each of the following parties: (1) proposed counsel to the Debtor, Klein LLC, 919 Market Street, Suite 600, Wilmington, Delaware 19801 (Attn: Julia B. Klein); (2) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jaclyn Weissgerber) and (3) counsel to any Committee (each, a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Third Circuit law.
>
> Each Notice Party will have twenty (20) days (or the next business day if such day is not a business day) after filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtor is

authorized to pay each Professional an amount (the "<u>Actual Payment</u>") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "<u>Maximum Payment</u>") and (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph hereof.

If any party in interest objects to a Professional's Monthly Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection (the "<u>Objection</u>"), which must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within twenty (20) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "<u>Incremental Amount</u>") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

Each Professional may submit its first Monthly Fee Application on or after February 5, 2019, and such Monthly Fee Application shall be for the period from the Petition Date through and including January 31, 2019.

Beginning with the approximate three (3) month period from the Petition Date, at three (3) month intervals thereafter or such other intervals convenient to the Court (the "<u>Interim Fee Period</u>"), each Professional may file with the Court and serve on the Notice Parties a request, pursuant to Bankruptcy Code section 331, for interim Court approval and allowance of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during the Interim Fee Period (an "<u>Interim Fee Application</u>"). The Interim Fee Application must include a brief description identifying (i) the Monthly Fee Applications that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application, and (v)

any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twentieth (20th) day following service of the applicable Interim Fee Application.

Each Professional shall file and serve its Interim Fee Application within forty- five (45) days after the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. The first Interim Fee Application shall cover the period from the Petition Date and through and including February 28, 2019, and may be filed on or before April 20, 2019.

The Debtor shall request a hearing on the pending Interim Fee Applications at least every six (6) months. The Debtor, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the twenty percent (20%) holdback) and expenses not previously paid.

The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise. In addition, any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by such Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

7. The Debtor further requests that the Court limit service of interim fee applications and final fee applications (collectively, the "Applications") to the Notice Parties. Subject to the Court's approval, other parties that have filed a request for notice pursuant to Bankruptcy Rule

2002 in this Chapter 11 Case will only receive notice of hearings on the Applications (collectively, the "Hearing Notices"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in this Chapter 11 Case to review and object to the Professionals' fees and reimbursement requests and will save unnecessary duplication and mailing expenses.

## BASIS FOR RELIEF REQUESTED

8. Pursuant to Bankruptcy Code section 331, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one hundred and twenty days (120) days, or more often if permitted by the court. *See* 11 U.S.C. § 331. In addition, Bankruptcy Code section 105(a) authorizes the court to issue any order "necessary or appropriate to carry out the provisions of the Bankruptcy Code," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

9. Procedures comparable to the Compensation Procedures have been established in other chapter 11 cases in this District. *See*, *e.g.*, *In re SBSH Winddown, Inc.*, Case No. 18-10039 (CSS) (Bankr. D. Del. Jan. 29, 2018); *In re PeekayAcquisition, LLC*, Case No. 17-11722 (BLS) (Bankr. D. Del. Sept. 6, 2017); *In re Saladworks, LLC*, Case No. 15-10327 (LSS) (Bankr. D. Del. Mar. 11, 2015); *In re Edgenet, Inc.*, Case No. 14-10066 (BLS) (Bankr. D. Del. Mar. 10, 2014); *In re OCZ Tech. Group, Inc.*, Case No. 13-13126 (PJW) (Bankr. D. Del. Jan. 8, 2014); *In re Tri-Valley Corp.*, Case No. 12-12291 (MFW) (Bankr. D. Del. Aug. 28, 2012). Such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these Chapter 11 Cases and are not forced to bear undue financial burden or risk caused by delays in payment.

10. The Debtors submit that the efficient administration of this Chapter 11 Case will be significantly aided by establishing the Compensation Procedures. Accordingly, the relief requested

herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest.

## NOTICE AND NO PRIOR REQUEST

11.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel in accordance with Local Rule 9013-1(m)(iii) to (i) the Office of the United States Trustee; and (ii) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

12.     No previous request for the relief sought herein has been made to this Court or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (i) enter the Proposed Order and (ii) grant such other and further relief as is just and proper.

Dated: December 24, 2018
      Wilmington, Delaware      KLEIN LLC

*/s/ Julia B. Klein*
Julia B. Klein (Bar No. 5198)
919 North Market Street
Suite 600
Wilmington, Delaware 19801
Phone: (302) 438-0456
Fax: (302) 300-1733

*Proposed Counsel for the Debtors*
*and Debtors in Possession*