**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| interTouch Topco LLC, *et al.*,[1] | Case No. 18-12773 (BLS) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: Jan. 7, 2019, at 4:00 p.m. (ET)**<br>**Hearing Date: Jan. 15, 2019, at 11:00 a.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER, PURSUANT TO
BANKRUPTCY RULES 1007(a) AND 1007(c) AND LOCAL RULE 1007-1(b),
EXTENDING THE TIME TO FILE THEIR SCHEDULES
OF ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS,
AND LISTS OF EQUITY SECURITY HOLDERS**

interTouch Holdings LLC and interTouch Topco LLC, the above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion"), pursuant to Rules 1007(a) and 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached as **Exhibit A**, extending the time within which the Debtors must file their respective schedules of assets and liabilities (together, the "Schedules"), statements of financial affairs (together, the "Statements"), and lists of equity security holders (together, the "Equity Holders Lists"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1]     The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: interTouch Holdings LLC (2091) and interTouch Topco LLC (6381).  The Debtors' headquarters is located at 480 Olde Worthington Road, Suite 350, Westville, OH 43082.

## JURISDICTION

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested in this Motion are Bankruptcy Rule 1007 and Local Rule 1007-1.

## BACKGROUND

3.    On December 10, 2018 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (together, the "Chapter 11 Cases"). The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

4.    A description of the Debtors' businesses, capital structure, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Seale A. Moorer, Jr., in Support of the Debtors' Chapter 11 Petitions* [D.I. 4; filed 12/13/18].

5.    On December 13, 2018, the Debtors' secured creditor, Gate Worldwide Holdings LLC ("Gate"), filed its *Motion to Dismiss Case* [D.I. 4], asserting that the Debtors' cases were filed in bad faith and without any bankruptcy purpose, and a motion for relief from the automatic stay [D.I. 5; filed 12/13/18].

6.    In support of its motions to dismiss and for stay relief, Gate filed the *Affidavit of Joseph L. Clasen in Support of Gate Worldwide Holdings LLC's Emergency Motions for (I) Entry*

*of an Order Dismissing Debtors' Bankruptcy Cases Pursuant to Sections 1112(b) and/or 305(a) of the Bankruptcy Code and (II) Entry of an Order Granting Relief from the Automatic Stay Pursuant to Section 365(d) of the Bankruptcy Code* [D.I. 8; filed 12/13/18]. The Clasen Affidavit which attaches several hundreds' worth of exhibit pages.

7.      Gate sought expedited consideration of its motions to dismiss and for stay relief [D.I. 9; filed 12/13/18], asking that the Court decide both within less than a week of their filing and less than ten days after the Petition Date.

8.      The Debtors opposed Gate's request for expedited consideration on December 14 [D.I. 15] and, on December 17, the Court directed that a status conference be held with respect to Gate's motions at the Debtor's first-day hearing scheduled for December 20, 2018, at 9:30 a.m. (ET) [D.I. 18].

9.      On December 17, the Debtors filed the *Motion for Order Pursuant to Sections 105(a), 363(c)(1), and 1108 of the Bankruptcy Code (A) Authorizing (I) Continued Maintenance of Existing Bank Account; (II) Continued Use of Existing Business Forms; and (III) the Opening and Closing of Bank Accounts and (B) Waiving Certain U.S. Trustee Guidelines* [D.I. 19] (the "Cash Management Motion").

10.     On December 18, the Debtors secured debtor-in-possession financing.

11.     On December 19, Gate opposed the entry of an order granting the relief sought by the Cash Management Motion [D.I. 26].

12.     On December 20, the Court held a hearing on and granted the Debtors' first-day requests. The Court also set a hearing on Gate's motions to dismiss and for stay relief for January 10, 2019 at 10:30 a.m. (ET) and a briefing schedule. Specifically, the Court directed that the Debtors file their responses to both motions no later than January 3, 2019, with any reply by Gate

being due on or before January 8.  Finally, the Court set aside time to consider the Debtors' to-be-filed request for approval of debtor-in-possession financing on January 15, 2019, at 11:00 a.m.

### RELIEF REQUESTED

13.    By this Motion, the Debtors request entry of an order, pursuant to Bankruptcy Rules 1007(a) and 1007(c) and Local Rule 1007-1, extending the time within which they must file their Schedules, Statements, and Equity Holders Lists through and including January 23, 2019, which is an extension of thirty (30) days, subject to the Debtors' right to request further extension(s) of such deadline.

14.    This is the Debtors' first such request.

### BASIS FOR RELIEF REQUESTED

15.    The Debtors have not yet been afforded a chance to fully benefit from the "breathing spell" contemplated by the Bankruptcy Code, but instead have been forced to expend time and energy responding to various motions and objections filed by a lone party that is taking the position that the Debtors are not entitled to a breathing spell – to wit, the Debtors' prepetition frustrated secured creditor.  The Debtors submit that, under the circumstances, good and sufficient cause exists to extend the deadline to file their Schedules, Statements, and Equity Holders Lists as requested herein. Extensions such as the one sought by this Motion routinely are granted by courts in this district in other chapter 11 cases.

16.    Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtors are required to file their Schedules, Statements, and Equity Holders Lists within fourteen (14) days after the Petition Date. 11 U.S.C. § 521 (requiring a debtor to file, among other items, "a schedule of assets and liabilities" and a "statement of the debtor's financial affairs"); Fed. R. Bankr. P. 1007(a)(3), (b)(1), (c) (imposing 14-day deadline).

17.     Bankruptcy Rule 1007 provides that an extension of time for the filing of the Schedules and Statement may be granted "on a motion for cause shown." Fed. R. Bankr. P. 1007(c). Similarly, Local Rule 1007-1(a) provides that "[r]equired lists, schedules and statements of financial affairs shall be filed in accordance with the Fed. R. Bankr. P. …." Bankr. L.R. 1007-1(a).

18.     In addition, Bankruptcy Rule 1007(a)(3) provides that a list of equity security holders ordinarily is due within fourteen (14) days of the petition date, but expressly contemplates that the Court may extend this deadline. Fed. R. Bankr. P. 1007(a)(3) ("In a chapter 11 reorganization case, *unless the court orders otherwise*, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder.") (*emphasis* added).

19.     Thanks in large part to Gate's litigation tactics, the Debtors, their advisors, and professionals have had to focus on damage control and preparing responses to Gate's requests for drastic measures and expedited relief.  The Debtors, their advisors, and professionals presently are focused on preparing further responses and declarations and for a two-hour evidentiary hearing on Gate's motions to dismiss and for stay relief on January 10, 2019.  The Debtors also have been working with their proposed DIP lender on papering the terms pursuant to which the credit facility will be made available.

20.     The Debtors recognize the importance of the Schedules, Statements, and Equity Holders Lists and intend to continue to mobilize their advisors to work diligently on the preparation of the Schedules, Statements, and Equity Holders Lists in order to file them as quickly as possible. The Debtors are requesting that the deadline for filing these documents be extended through, and

including, January 23, 2019, which is a date after Gate's motions to dismiss and for stay relief will have been decided by this Court.

21.      The requested extension will not prejudice the rights of any party in interest because no deadline to file proofs of claim has been established in these cases.

22.      The Debtors reserve the right to supplement this Motion and request that any relief granted be without prejudice to their ability to seek a further extension or modification of section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rule 1007-1.

## NOTICE

23.      The Debtors will provide notice of this Motion to the Office of the United States Trustee for the District of Delaware and all parties entitled to notice pursuant to Bankruptcy Rule 2002(i). In light of the nature of the relief requested, the Debtors submit that no further or other notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as this Court deems just and proper.


Dated: December 24, 2018
        Wilmington, Delaware                      KLEIN LLC

                                                  */s/ Julia B. Klein*
                                                  Julia B. Klein (Bar No. 5198)
                                                  919 North Market Street
                                                  Suite 600
                                                  Wilmington, Delaware 19801
                                                  Phone: (302) 438-0456
                                                  Fax: (302) 300-1733

                                                  *Proposed Counsel for the Debtors*
                                                  *and Debtors in Possession*